## HODSHIRE ET UX. *v.* EWAN.

PLEADING.—*Promissory Note.—Mortgage.—Foreclosure.—Complaint.*—In an action upon a promissory note, and to foreclose a mortgage on real estate, a demurrer to the complaint, for want of sufficient facts, should be overruled, if such complaint be sufficient as to the note, though insufficient as to the mortgage.

SAME.—*Practice.*—Where the answer in an action consists of a general denial and a special paragraph amounting only to a general denial, there is no error in sustaining a demurrer to the latter.

SAME.—*Mortgage to Indemnify.—Construction of.*—A debtor, to secure a debt owing to A., having mortgaged to the latter certain real estate which he then conveyed to B., subsequently mortgaged certain other real estate to a surety upon a debt owing to C., with a provision in the latter mortgage, that, upon payment of such debt due to C., such surety should assign such mortgage to B., to secure him against such mortgage held by A., and providing that such former mortgage should be foreclosed "upon any proceedings for the collection of either debt for which" it was executed as security.

*Held,* in an action by A., to collect his debt, that it is not secured by such latter mortgage, and that he is not entitled to foreclosure of the same.

From the Jennings Circuit Court.

*H. W. Harrington,* for appellants.

BIDDLE, C. J.—In the complaint in this case, it is alleged, that the appellants made the following promissory note:

"$300.00.         NORTH VERNON, IND., Sept. 9th, 1871.

"One year after date, we promise to pay to the order of Laura Ewan three hundred dollars, at ten per cent. per annum, compounded annually, value received, without any relief from valuation or appraisement laws.

Signed,                 "J. H. HODSHIRE.

                    "MARY J. HODSHIRE."

It is also alleged in the complaint, that the appellants, on the 28th day of January, 1874, executed a mortgage, by which they conveyed to Myron H. Andrews the undivided half of lots number 14, 15, and 16, in Block "A,"

in the town of North Vernon, in Jennings County, Indiana, the condition of which mortgage was as follows:

"Provided always, and these presents are upon this condition, that whereas said Myron H. Andrews is my security to Hiram Elliott for the sum of one hundred and ten dollars; and whereas Laura A. Ewan holds a note against said Hodshire for the sum of three hundred dollars, and interest thereon, which said note is secured by mortgage executed by said Hodshire upon lots No. 305 and 306 in said town, and which said two last mentioned lots, since the making of said mortgage, have been sold and conveyed by said Hodshire to Josephine Pitzeuch: Now, if the said Hodshire shall pay the said sum of one hundred and ten dollars, for which the said Andrews stands security to said Elliott, and save said Andrews from liability for said payment; then this mortgage is to be assigned to said Josephine Pitzeuch, if said note of three hundred dollars, and interest, is not sooner paid to the said Ewan, or assignees, and upon the full payment of said sum for which said Andrews is security; and also pay all costs, interest, and fees, that may accrue upon said debts, and in the collections, then this mortgage to be void, or else in full effect. This mortgage to be foreclosable upon any proceedings for the collection of either debt for which this is security. Witness the hands," etc.

The complaint is founded on the above note and mortgage, and avers that the mortgage was given to secure the note. No assignment or delivery of the mortgage to the appellee is alleged.

A demurrer, alleging the insufficiency of the facts stated as ground, was overruled to the complaint, and exception reserved. This ruling is correct. The complaint is sufficient to maintain the action on the promissory note, and, being sufficient for that purpose, the demurrer was properly overruled.

The appellees then answered by a general denial, and two special paragraphs. Demurrers to the two special

paragraphs, for the want of facts, were sustained, and exceptions taken. There is no error in these rulings. Neither of the special paragraphs amount to any thing more than a general denial.

A jury trial, upon the issue of a general denial, was had. A verdict was found in favor of appellee, for the amount due on the note, and against the appellants on the mortgage. The usual motions and rulings were had, to bring the case to this court.

Upon the trial, the note was given in evidence without objection. The mortgage was offered in evidence; objected to, on the ground of irrelevancy; objections overruled; exceptions reserved; and the mortgage admitted as evidence. The note and mortgage were all the evidence given in the case.

We can not perceive how the promissory note sued on is secured by the mortgage. It is executed to another person, for another purpose, and upon different lands, is not assigned to the appellee, and has no legal connection with this case. The mortgage stipulates, to secure the mortgagee, Elliott, against certain liabilities, as the surety of the mortgagors, and interest, costs, and fees thereon. It refers to the note in suit as being secured by a mortgage on certain other property, which was subsequently sold to Josephine Pitzeuch, and provides for its assignment to said Josephine, upon a certain contingency, probably for the purpose of securing her against the mortgage on the lots she bought from Hodshire, but it nowhere secures the payment of the note in suit.

No liability can arise on the mortgage until Elliott, the mortgagee, has been compelled to pay the debt of Hodshire, for which he stands as Hodshire's surety, and there is no averment of such payment in the complaint. There is no breach of the condition of the mortgage shown in the complaint. We cannot see how any claim or right can accrue, on the face of the mortgage, to the appellee. It is nowhere provided in the mortgage, that

any such claim should arise upon any contingency, but it is expressly stipulated, that, if the note sued on in this suit is not paid upon a certain condition, the mortgage shall be assigned to Josephine Pitzeuch, and not to the appellee in this case.

In our opinion, the mortgage was improperly admitted in evidence; but, as it is plain that the appellee is entitled to judgment on the note, and as that part of the judgment is separable from the decree of foreclosure, the judgment upon the note is affirmed, and that part of the judgment decreeing a foreclosure of the equity of redemption and sale of the lands is reversed, at the costs of the appellee.